1 | SHEPPARD MULLIN RICHTER & HAMPTON LLP
A Limited Liability Partnership
  Including Professional Corporations
2 | GUY N. HALGREN, Cal. Bar No. 115732
3 | SAMANTHA D. HARDY, Cal. Bar No. 199125
RACHEL A. MILLER, Cal. Bar. No. 247023
4 | 501 West Broadway, 19th Floor
San Diego, California 92101-3598
5 | Telephone:   619-338-6500
Facsimile:   619-234-3815
6 | ghalgren@sheppardmullin.com
shardy@sheppardmullin.com
7 | rmiller@sheppardmullin.com

8 | Attorneys for Defendants
FRITO-LAY, INC. and ROLLING
9 | FRITO-LAY SALES, LP

10

11 | UNITED STATES DISTRICT COURT

12 | FOR THE CENTRAL DISTRICT OF CALIFORNIA

13

14

15 | EDWARD DE STEFAN, individually and on behalf of other members of the public similarly situated,

Case No. SA CV10-0112-DOC (MLGx)

16 | Plaintiff,

**DEFENDANTS FRITO-LAY, INC.'S AND ROLLING FRITO-LAY SALES, LP'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

17

18 | v.

19 | FRITO LAY, INC., ROLLING FRITO-LAY SALES, LP, and DOES 1-10, inclusive,

Judge:    Hon. David O. Carter
Ctrm:    9-D

20

21 | Defendants.

[Second Amended Complaint filed September 30, 2010]

22

23

24

25

26

27

28

1    Defendants Frito-Lay, Inc. ("Frito-Lay") and Rolling Frito-Lay Sales, LP

2  ("RFLS") (collectively referred to as "Defendants"), by and through their undersigned

3  counsel, answer Plaintiff's Second Amended Complaint ("SAC") as follows:

4

5                              **JURISDICTION AND VENUE**

6

7         1.      Answering paragraph 1, Defendants admit this action was originally

8  filed in the Superior Court of the State of California, County of San Diego, Case No. 37-

9  2009-00102269-CU-OE-CTL.

10

11        2.      Answering paragraph 2, Defendants admit Frito-Lay removed this

12  action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332 on or around December

13  14, 2009.  Defendants admit this Court appears to have subject matter jurisdiction over this

14  matter.

15

16                                      **PARTIES**

17

18        3.      Answering paragraph 3, Defendants admit that, to the best of their

19  knowledge, Plaintiff Edward De Stefan is, and at all relevant times was, a resident of San

20  Diego County, California.

21

22        4.      Answering paragraph 4, Frito-Lay admits it is a corporation organized

23  and existing under the laws of Delaware.  Frito-Lay admits that, at all relevant times, it has

24  been licensed and qualified to do business in California.  Frito-Lay admits that, at all

25  relevant times, it transacted business in California.  Frito-Lay admits that, at all relevant

26  times, it was an employer and had employees throughout San Diego county, the state of

27  California, and the United States of America.

28

-1-

DEFENDANTS ANSWER TO PLAINTIFF'S SECOND
                                                                    AMENDED COMPLAINT

5.      Answering paragraph 5, RFLS admits it is a limited partnership organized and existing under the laws of Delaware.  RFLS admits that, at all relevant times, it has been licensed and qualified to do business in California.  RFLS admits that, at all relevant times, it transacted business in California.  RFLS admits that, at all relevant times, it was an employer and had employees throughout San Diego county, the state of California, and the United States of America.

6.      Answering paragraph 6, no allegations are contained in this paragraph that require a response.  To the extent a response is required, Defendants deny the allegations in this paragraph.

7.      Answering paragraph 7, no allegations are contained in this paragraph that require a response.  To the extent a response is required, Defendants deny the allegations in this paragraph.

8.      Answering paragraph 8, Defendants deny the allegations in this paragraph because the Doe Defendants are unidentified.

9.      Answering paragraph 9, Defendants deny the allegations in this paragraph because the Doe Defendants are unidentified.

## CLASS ACTION ALLEGATIONS

10.      Answering paragraph 10, Defendants admit that Plaintiff purports to bring this action on behalf of himself and as a representative of a class as defined in Rule 23 of the Federal Rules of Civil Procedure.  Defendants deny, however, that this matter is appropriate for class treatment under Rule 23 of the Federal Rules of Civil Procedure.

1          11.     Answering paragraph 11, Defendants admit that Plaintiff purports to
2    assert claims arising under California law.  Defendants, however, deny that Plaintiff is
3    entitled to any relief under California law.

4

5          12.     Answering paragraph 12, Defendants admit that Plaintiff purports to
6    represent a class and two subclasses of individuals as defined in paragraph 12 and referred
7    to in the SAC as "class members," "waiting time subclass members," and "paystub
8    subclass members."  Defendants deny that Plaintiff has sufficiently defined the putative
9    class and putative subclasses.  Defendants further deny that Plaintiff, the putative class
10   members, and putative subclass members are similarly situated and, on that basis, deny any
11   remaining allegations contained in this paragraph.

12

13         13.     Answering paragraph 13, Defendants deny that the members of the
14   class are so numerous as to make it impracticable to bring them all before the Court.
15   Defendants admit that the putative class may consist of more than 2,000 members, but
16   denies that this matter is appropriate for class certification under Rule 23 of the Federal
17   Rules of Civil Procedure.  Defendants deny any remaining allegations contained in this
18   paragraph.

19

20         14.     Answering paragraph 14, Defendants deny each and every allegation
21   contained in this paragraph.

22

23         15.     Answering paragraph 15, Defendants deny each and every allegation
24   contained in this paragraph.

25

26         16.     Answering paragraph 16 and its subparts (a) and (b), Defendants deny
27   each and every allegation contained in this paragraph.

28

-3-

DEFENDANTS ANSWER TO PLAINTIFF'S SECOND
AMENDED COMPLAINT

17.     Answering paragraph 17, Defendants deny each and every allegation contained in this paragraph.

18.     Answering paragraph 18, Defendants deny each and every allegation contained in this paragraph.

19.     Answering paragraph 19 and its subparts (a) through (k), Defendants deny each and every allegation contained in this paragraph.

## **FACTUAL ALLEGATIONS**

20.     Answering paragraph 20, Defendants admit they currently employ, and employed throughout the relevant time period, Route Sales Representatives in California.  Defendants deny that different RSR positions are similar to one another.

21.     Answering paragraph 21, Defendants admits that, to the best of its knowledge, they employed Plaintiff as a Route Sales Representative throughout the relevant time period up until on or about August 10, 2009.  Frito-Lay admits that, during the relevant time period, Plaintiff worked out of the San Diego Mega Distribution Center located in San Diego, California.

22.     Answering paragraph 22, Defendants admit they currently employ, and employed throughout the relevant time period, Route Sales Representatives in California.

DEFENDANTS ANSWER TO PLAINTIFF'S SECOND
AMENDED COMPLAINT

23.     Answering paragraph 23, Defendants can neither confirm nor deny the allegations set forth in this paragraph, because it is unclear which positions are included within the term "Class Member".

24.     Answering paragraph 24, Defendants can neither confirm nor deny that they paid commissions to all putative class members, because it is unclear which positions are included within the term "Class Member".  Defendants admit that commissions constitute wages under California law.

25.     Answering paragraph 25, Defendants deny each and every allegation contained in this paragraph.

26.     Answering paragraph 26, Defendants deny each and every allegation contained in this paragraph.

27.     Answering paragraph 27, Defendants deny each and every allegation contained in this paragraph.

28.     Answering paragraph 28, Defendants deny the allegations contained in this paragraph on the basis that any communication between Defendants and their attorneys is subject to the attorney-client privilege.

29.     Answering paragraph 29, Defendants deny each and every allegation contained in this paragraph.

30.     Answering paragraph 30, Defendants deny each and every allegation contained in this paragraph.

31.     Answering paragraph 31, Defendants deny each and every allegation contained in this paragraph

## **FIRST CAUSE OF ACTION FOR FAILURE TO PAY OVERTIME WAGES**

32.     Answering paragraph 32, Defendants incorporate herein by reference its responses to paragraphs 1 through 31 inclusive, as though fully set forth herein.

33.     Answering paragraph 33, no allegations are contained in this paragraph that require a response because the paragraph contains a recitation of the law. To the extent a response is required, Defendants deny the allegations in this paragraph

34.     Answering paragraph 34, no allegations are contained in this paragraph that require a response because the paragraph contains a recitation of the law. To the extent a response is required, Defendants deny the allegations in this paragraph.

35.     Answering paragraph 35, Defendants admit that Plaintiff and putative class members in some weeks may have worked in excess of eight (8) hours in a day and/or forty (40) hours in a week.

36.     Answering paragraph 36, Defendants deny each and every allegation contained in this paragraph.

37.     Answering paragraph 37, Defendants deny each and every allegation contained in this paragraph.

1    38.    Answering paragraph 38, Defendants deny each and every allegation

2    contained in this paragraph.

3

4    39.    Answering paragraph 39, Defendants deny each and every allegation

5    contained in this paragraph.

6

7    40.    Answering paragraph 40, Defendants deny each and every allegation

8    contained in this paragraph.

9

10    **SECOND CAUSE OF ACTION FOR BREACH OF CONTRACT**

11

12    41.    Answering paragraph 41, Frito-Lay incorporates herein by reference

13    its responses to paragraphs 1 through 40 inclusive, as though fully set forth herein.

14

15    42.    Answering paragraph 42, Defendants deny each and every allegation

16    contained in this paragraph.

17

18    43.    Answering paragraph 43, Defendants deny each and every allegation

19    contained in this paragraph.

20

21    44.    Answering paragraph 44, Defendants deny each and every allegation

22    contained in this paragraph.

23

24    45.    Answering paragraph 45, Defendants deny each and every allegation

25    contained in this paragraph.

26

27

28

DEFENDANTS ANSWER TO PLAINTIFF'S SECOND
AMENDED COMPLAINT

1          46.      Answering paragraph 46, Defendants deny each and every allegation
2  contained in this paragraph.

3

4          47.      Answering paragraph 47, Defendants deny each and every allegation
5  contained in this paragraph.

6

7          48.      Answering paragraph 48, Defendants deny each and every allegation
8  contained in this paragraph.

9

10         49.      Answering paragraph 49, Defendants deny each and every allegation
11  contained in this paragraph.

12

13       **THIRD CAUSE OF ACTION FOR VIOLATION OF**
14              **CALIFORNIA LABOR CODE § 221**

15

16         50.      Answering paragraph 50, Frito-Lay incorporates herein by reference
17  its responses to paragraphs 1 through 49 inclusive, as though fully set forth herein.

18

19         51.      Answering paragraph 51, no allegations are contained in this
20  paragraph that require a response because the paragraph contains a recitation of the law.
21  To the extent a response is required, Defendants deny the allegations in this paragraph.

22

23         52.      Answering paragraph 52, Defendants deny each and every allegation
24  contained in this paragraph.

25

26         53.      Answering paragraph 53, Defendants deny each and every allegation
27  contained in this paragraph.

28

-8-

## FOURTH CAUSE OF ACTION FOR FAILURE TO PAY WAGES DUE

54.     Answering paragraph 54, Frito-Lay incorporates herein by reference its responses to paragraphs 1 through 53 inclusive, as though fully set forth herein.

55.     Answering paragraph 55, no allegations are contained in this paragraph that require a response because the paragraph contains a recitation of the law. To the extent a response is required, Defendants deny the allegations in this paragraph.

56.     Answering paragraph 56, Defendants deny each and every allegation contained in this paragraph.

57.     Answering paragraph 57, Defendants deny each and every allegation contained in this paragraph.

58.     Answering paragraph 58, Defendants deny each and every allegation contained in this paragraph.

## FIFTH CAUSE OF ACTION FOR FAILURE TO PROVIDE ITEMIZED WAGE STATEMENTS

59.     Answering paragraph 59, Frito-Lay incorporates herein by reference its responses to paragraphs 1 through 58 inclusive, as though fully set forth herein.

60.     Answering paragraph 60, no allegations are contained in this paragraph that require a response because the paragraph contains a recitation of the law. To the extent a response is required, Defendants deny the allegations in this paragraph.

DEFENDANTS ANSWER TO PLAINTIFF'S SECOND
AMENDED COMPLAINT

1    61.    Answering paragraph 61, Defendants deny each and every allegation

2    contained in this paragraph.

3

4    62.    Answering paragraph 62, Defendants deny each and every allegation

5    contained in this paragraph.

6

7    63.    Answering paragraph 63, Defendants deny each and every allegation

8    contained in this paragraph.

9

10   **SIXTH CAUSE OF ACTION FOR UNFAIR COMPETITION**

11

12   64.    Answering paragraph 64, Frito-Lay incorporates herein by reference

13   its responses to paragraphs 1 through 63 inclusive, as though fully set forth herein.

14

15   65.    Answering paragraph 65, Defendants deny each and every allegation

16   contained in this paragraph.

17

18   66.    Answering paragraph 66, Defendants deny each and every allegation

19   contained in this paragraph.

20

21   67.    Answering paragraph 67, no allegations are contained in this

22   paragraph that require a response because the paragraph contains a recitation of the law.

23   To the extent a response is required, Defendants deny the allegations in this paragraph.

24

25   68.    Answering paragraph 68, Defendants deny each and every allegation

26   contained in this paragraph.

27

28

-10-

69.     Answering paragraph 69, Defendants deny each and every allegation contained in this paragraph.

70.     Answering paragraph 70, Defendants deny each and every allegation contained in this paragraph.

## SEVENTH CAUSE OF ACTION FOR VIOLATION OF THE CALIFORNIA LABOR CODE PRIVATE ATTORNEY GENERAL ACT OF 2004

71.     Answering paragraph 71, Frito-Lay incorporates herein by reference its responses to paragraphs 1 through 70 inclusive, as though fully set forth herein.

72.     Answering paragraph 72, Defendants deny each and every allegation contained in this paragraph.

73.     Answering paragraph 73, Defendants deny each and every allegation contained in this paragraph.

74.     Answering paragraph 74, no allegations are contained in this paragraph that require a response because the paragraph contains a recitation of the law. To the extent a response is required, Defendants deny the allegations in this paragraph.

75.     Answering paragraph 75, Defendants deny each and every allegation contained in this paragraph.

W02-WEST:8RAM1\402987431.1

76.     Answering paragraph 76, Defendants admit that Plaintiff purports to have complied with PAGA notice provisions as set forth in California Labor Code § 2699.3(a)(1).  Whether Plaintiff complied with PAGA notice provisions is a question of law for which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

77.     Answering paragraph 77, no allegations are contained in this paragraph that require a response because the paragraph contains a recitation of the law.  To the extent a response is required, Defendants deny the allegations in this paragraph.

78.     Answering paragraph 78, Defendants admit that, at all relevant times, they have employed one or more employees.  Defendants deny they have violated any law subjecting them to civil penalties under California Labor Code § 2699(f).

79.     Answering paragraph 79, Defendants deny each and every allegation contained in this paragraph.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

Neither the SAC, nor any purported cause of action alleged therein, states facts sufficient to constitute a cause of action upon which relief can be granted against Defendants.

-12-

## SECOND AFFIRMATIVE DEFENSE
### (Statutes of Limitations)

The SAC and each purported cause of action alleged therein are barred, in whole or in part, by the applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE
### (Laches)

The SAC and each purported cause of action alleged therein are barred, in whole or in part, by the equitable doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE
### (Estoppel)

Plaintiff is estopped by his conduct from asserting the causes of action upon which he seeks relief.

## FIFTH AFFIRMATIVE DEFENSE
### (Waiver)

The SAC and each purported cause of action alleged therein are barred, in whole or in part, because Plaintiff has voluntarily and knowingly waived and released each and all of his rights and causes of action against Defendants.

## SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff has or had unclean hands with respect to the matters alleged in the SAC and is therefore barred from recovering any relief on the SAC or any purported cause of action alleged therein.

## SEVENTH AFFIRMATIVE DEFENSE

### (Consent)

The SAC and each purported cause of action alleged therein are barred, in whole or in part, because Plaintiff consented to the conduct about which he now complains.

## EIGHTH AFFIRMATIVE DEFENSE

### (Misrepresentations)

Defendants are informed and believe, and on that basis allege, that Plaintiff's causes of action are barred, in whole or in part, by misrepresentations made by Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

### (No Willful Failure to Pay)

Plaintiff cannot recover waiting time penalties because any alleged failure to pay wages was based on a good faith dispute regarding the applicable law or facts.

-14-

DEFENDANTS ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

**TENTH AFFIRMATIVE DEFENSE**

**(No Loss/Unjust Enrichment)**

Plaintiff has not suffered any losses and Defendants have not been unjustly enriched as a result of any action or inaction of Defendants or its agents.  Plaintiff is therefore not entitled to any disgorgement or restitution.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

Plaintiff has failed to mitigate his losses, if any, and as a result of such failure, any award must be reduced, excused, and/or discharged.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Lack of Specificity)**

Plaintiff's claim of unfair business practices in violation of California Business and Professions Code §§ 17200, et seq., is barred because it fails to plead specific facts capable of stating a claim for unfair business practice.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Justification And Privilege)**

Defendants cannot be liable for any alleged violation of California Business and Professions Code §§ 17200, *et seq.* because their actions, conduct and dealings with their employees were lawful, and were carried out in good faith and for legitimate business purposes.

-15-

1

## FOURTEENTH AFFIRMATIVE DEFENSE

2

### (Plaintiff Not Competent)

3

4        Some or all of Plaintiff's causes of action fail, in whole or in part, because

5   Plaintiff is not competent to bring the claims on behalf of other parties.

6

7

## FIFTEENTH AFFIRMATIVE DEFENSE

8

### (Non-Certifiable Class)

9

10        The SAC does not state facts sufficient to certify a class pursuant to Rule 23

11   of the Federal Rules of Civil Procedure and, accordingly, this action is not properly

12   brought as a class action.

13

14

## SIXTEENTH AFFIRMATIVE DEFENSE

15

### (No Common Issues)

16

17        There is a lack of common issues of facts and law and, accordingly, this

18   action is not properly brought as a class action.

19

20

## SEVENTEENTH AFFIRMATIVE DEFENSE

21

### (Lack of Typicality)

22

23        Plaintiff's claims are not typical of the class he purports to represent and,

24   accordingly, this action is not properly brought as a class action.

25

26

27

28

W02-WEST:8RAM1\402987431.1

DEFENDANTS ANSWER TO PLAINTIFF'S SECOND
AMENDED COMPLAINT

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Inadequacy of Class Representative)

Defendants are informed and believe and based upon such information and belief allege that Plaintiff is not a proper representative of the class he purports to represent and, accordingly, this action is not properly brought as a class action.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Lack of Superiority)

The class action procedure is not the superior method for adjudicating Plaintiff's claims or the claims of the alleged class and, accordingly, this action is not properly brought as a class action.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Lack of Standing)

The SAC and each purported cause of action alleged therein are barred, in whole or in part, because Plaintiff lacks standing to assert any purported cause of action against Defendants.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Res Judicata)

The SAC and each purported cause of action alleged therein are barred, in whole or in part, by the doctrine of res judicata.

-17-

DEFENDANTS ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Collateral Estoppel)

The SAC and each purported cause of action alleged therein are barred, in whole or in part, by the doctrine of collateral estoppel.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Release)

The SAC and each purported cause of action alleged therein are barred, in whole or in part, because Plaintiff and/or the persons he purports to represent released Defendants from the claims stated in the SAC.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

The SAC and each purported cause of action alleged therein are barred, in whole or in part, by the doctrine of accord and satisfaction.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

The SAC and each purported cause of action alleged therein are barred, in whole or in part, by the doctrine of after-acquired evidence.

-18-

DEFENDANTS ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

1

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

2

### (Full Performance)

3

4          Plaintiff is not entitled to any relief because Defendants have performed all

5    statutory, contractual, and other obligations.

6

7

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

8

### (Comparative Fault)

9

10          Plaintiff, and persons and entities other than Defendants, have acted in bad

11   faith with respect to the matters alleged in the SAC and are otherwise at fault.  By reason

12   of Plaintiff's bad faith and comparative fault, Plaintiff's right of recovery from Defendants,

13   if any, should be reduced by the amount which the negligence, bad faith and/or fault of

14   persons and/or entities other than Defendants, including Plaintiff, contributed to any

15   damages.

16

17

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

18

### (Setoff/Offset/Recoupment)

19

20          Some or all of the purported causes of action in the SAC are subject to setoff,

21   offset and/or recoupment.

22

23

24

25

26

27

28

-19-

1    **TWENTY-NINTH AFFIRMATIVE DEFENSE**

2    **(Exemptions and Exclusions from State Law)**

3

4          Some or all of Plaintiff's causes of action are barred by state law because

5    Plaintiff and the putative class were exempt employees, including but not limited to the

6    motor carrier exemption and/or the outside sales exemption.

7

8    **THIRTIETH AFFIRMATIVE DEFENSE**

9    **(Failure to Exhaust Administrative Remedies)**

10

11         Plaintiff has failed to adequately pursue administrative remedies with the

12   California Division of Labor Standards Enforcement.  Plaintiff should be ordered to pursue

13   administrative remedies with the California Division of Labor Standards Enforcement,

14   which has primary jurisdiction over Plaintiff's claims, as is required pursuant to Labor

15   Code §§ 2699, *et seq.*

16

17   **THIRTY-FIRST AFFIRMATIVE DEFENSE**

18   **(No Predicate Violation of Law)**

19

20         Plaintiff cannot establish a predicate violation of law by Defendants

21   sufficient to maintain a cause of action pursuant to Business and Professions Code

22   §§ 17200, *et seq.* and Labor Code § 2699.  Further, Plaintiff's claims for Violation of

23   Business and Professions Code §§ 17200, *et seq.*, and Labor Code § 2699 are barred to the

24   extent they are based upon the purported violation of a statute or regulation that is of

25   purely regulatory import, or otherwise does not define "unlawful" conduct.

26

27

28

-20-

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Improper Delegation of Powers)

To the extent that Plaintiff purports to seek relief pursuant to Business and Professions Code §§ 17200, *et seq.*, and Labor Code § 2699 on behalf of members of the general public, Frito-Lay is informed and believes and based upon such information and belief alleges that the SAC seeks the application of the law of California in a manner that would improperly delegate the executive branch's prosecutorial power to private parties in contravention of the separation of powers doctrine set forth in Article III, Section 3 of the California Constitution, and would violate the provisions of Article V of the California Constitution vesting the State's executive power in the executive branch, by authorizing private plaintiffs to purport to bring suit on behalf of the interests of the general public.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Improper Expansion of Judicial Powers)

Defendants are informed and believe and based on such information and belief allege that the SAC seeks to apply California Business and Professions Code §§ 17200, *et seq.*, and Labor Code § 2699 in a manner that would impermissibly enlarge the powers of the judiciary, in contravention of the Due Process Clause of Article I, Section 7 of the California Constitution, the separation of powers doctrine and the provisions of Article VI of the California Constitution vesting the State's judicial power in the judicial branch, and by purporting to expand the Court's jurisdiction to include the power to order Defendants to pay restitution for injuries allegedly suffered by non-parties.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Excessive Fines)

Defendants are informed and believe, and based upon such information and belief allege that any award of damages, penalties, restitution and/or disgorgement against Defendants pursuant to Labor Code § 2699 and/or Business and Professions Code §§ 17200, *et seq.*, would violate the Excessive Fines Clauses of the Eighth Amendment (as incorporated by the Due Process Clause of the Fourteenth Amendment to the United States Constitution) and Article I, Section 17 of the California Constitution.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Taking)

Defendants are informed and believe and based upon such information and belief allege that any award of restitution and/or disgorgement against Frito-Lay pursuant to Business and Professions Code §§ 17200, *et seq.*, and/or Labor Code § 2699 would constitute a taking of property without just compensation in violation of the Takings Clause of the Fifth Amendment to the United States Constitution (as incorporated by the Due Process Clause of the Fourteenth Amendment of the United States Constitution) and Article I, Section 19 of the California Constitution.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Lack of Consideration

If there was an agreement or contract as alleged in the SAC, there was no consideration for such agreement or contract, or any portion thereof, and, therefore, the alleged agreement or contract is unenforceable.

-22-

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Lack of Certainty)

If there was an agreement or contract as alleged in the SAC, it is unenforceable against Defendants for lack of certainty.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Lack of Mutuality)

If there was an agreement or contract as alleged in the SAC, it is unenforceable against Defendants for lack of mutuality.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Excuse or Discharge)

If there was an agreement or contract as alleged in the SAC, Defendants' obligations under the contract have been excused or discharged by the Plaintiff's prior breach thereof.

## FORTIETH AFFIRMATIVE DEFENSE

### (Conditions Precedent)

Defendants are informed, believe, and based thereon allege, that any obligations to the Plaintiff are subject to conditions precedent which have not occurred, and accordingly, Defendants are not obligated and are not in any way liable to Plaintiff, whether as alleged or otherwise.

-23-

1    **<u>FORTY-FIRST AFFIRMATIVE DEFENSE</u>**

2    **(Commissions Calculations Lawful)**

3

4        Defendants' method of calculating commissions is lawful and does not

5    constitute an illegal chargeback of wages earned under California Labor Code section 221

6    or a violation of the Employee's Bond Law, set forth in California Labor Code sections

7    400 through 410.

8

9    **<u>FORTY-SECOND AFFIRMATIVE DEFENSE</u>**

10   **(Compensation System Lawful)**

11

12       Defendants' compensation system is lawful and does not constitute an illegal

13   chargeback of wages earned under California Labor Code section 221 or a violation of the

14   Employee's Bond Law, set forth in California Labor Code sections 400 through 410.

15

16   **<u>FORTY-THIRD AFFIRMATIVE DEFENSE</u>**

17   **(Authorization)**

18

19       Plaintiff authorized the manner in which his compensation was calculated.

20

21   **<u>FORTY-FOURTH AFFIRMATIVE DEFENSE</u>**

22   **(No Actual Injury)**

23

24       Plaintiff has not suffered an actual injury for which relief is available.

25

26

27

28

-24-

## **FORTY-FIFTH AFFIRMATIVE DEFENSE**

### **(No Knowing and Intentional Violation)**

Any violation of the California Labor Code by Defendants, which Defendants expressly deny, was not a knowing and intentional violation.

## **FORTY-SIXTH AFFIRMATIVE DEFENSE**

### **(Statute of Frauds)**

Defendants are informed and believe, and thereon allege, that any purported agreements which are oral or implied are subject to the statute of frauds under the provisions of California Civil Code section 1624 and are thereby rendered unenforceable because not evidenced by a writing.

## **RESERVATION OF RIGHTS**

Defendants presently have insufficient knowledge and information upon which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses.  Defendants reserve the right to assert additional affirmative defenses in the event discovery or investigation indicates such defenses would be appropriate.

/ / /

/ / /

-25-

DEFENDANTS ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

1        WHEREFORE, Defendants pray for judgment as follows:

2

3        1.      That Plaintiff take nothing by his SAC;

4

5        2.      That Defendants be awarded all of its costs and attorneys' fees incurred

6    herein; and

7

8        3.      That the Court award such other and further relief as it deems just and

9    proper.

10

11   Dated:  October 21, 2010

12                           SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

13

14                   By _____
                                          /s/ Samantha Hardy

15                              GUY N. HALGREN
                                SAMANTHA D. HARDY

16                              RACHEL A. MILLER

17                              Attorneys for Defendants
                                FRITO-LAY, INC. and

18                              ROLLING FRITO-LAY SALES, LP

19

20

21

22

23

24

25

26

27

28

-26-