JS6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD DE STEFAN, INDIVIDUALLY, AND ON BEHALF OF OTHER MEMBERS OF THE PUBLIC SIMILARLY SITUTATED,<br><br>Plaintiffs,<br><br>v.<br><br>FRITO-LAY, INC., ROLLING FRITO-LAY SALES, LP, AND DOES 1-10, INCLUSIVE,<br><br>Defendants. | Case No. SA CV10-0112-DOC (MLGx)<br><br>**CLASS ACTION**<br><br>**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**<br><br>DATE: AUGUST 27, 2012<br>TIME: 8:30 A.M.<br>DEPT: 9-D |

This matter having come before the Court for hearing, pursuant to the Order of this Court dated April 10, 2012, for final approval of the settlement set forth in the Stipulation and Settlement Agreement of Class Action Claims ("Stipulation" or "Settlement") attached hereto as Exhibit A, and due and adequate notice having been given to the Plaintiffs as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed of the premises and good cause appearing, therefore, it is

ORDERED, ADJUDGED AND DECREED THAT:

1. All terms used herein shall have the same meaning as defined in the Stipulation.

2. This Court has jurisdiction over the subject matter of this litigation and over all Parties to this litigation, including all Plaintiffs.

3. Distribution of the Notice directed to the Plaintiffs as set forth in the Stipulation and the other matters set forth therein have been completed in conformity with the Preliminary Approval Order, including individual notice to all Plaintiffs who could be identified through reasonable effort, and was the best notice practicable under the circumstances. This Notice provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all persons entitled to such Notice, and the Notice fully satisfied the requirements of due process. Zero (0) Plaintiffs objected to the Settlement. Six (6) Plaintiffs opted out of the Settlement.

4. This Court hereby approves the settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, adequate and reasonable and directs the Parties to effectuate the Settlement according to its terms. The Court finds that the Settlement has been reached as a result of intensive, serious and non-collusive arms-length negotiations. The Court further finds that the Parties have conducted extensive and costly investigation and research and counsel for the Parties are able to reasonably evaluate their respective positions. The Court also

**CASE NO. SA CV10-112-DOC (MGLx)**

finds that settlement at this time will avoid additional substantial costs, as well as avoid the delay and risks that would be presented by the further prosecution of the Action. The Court has reviewed the monetary recovery that is being granted as part of the Settlement and recognizes the significant value to the Settlement Class of that monetary recovery.

5. The Court further recognizes the significant value to the Class and Subclass of the Prospective Relief granted as part of the Settlement. Class Counsel reviewed the following payroll methodologies proposed by Defendants and concluded that they believe the payroll methodologies listed below would comply with state and federal wage and hour law on a going forward basis:

    a. Frito-Lay will continue to pay commissions on store door value as currently structured, whereby sales are adjusted for product that is exchanged as unsaleable (i.e., stale or defective) and sales are transferred when product is rolled. Frito-Lay may also pay a bonus, which may be based in part on an RSR's performance against his or her unsaleables plan. Frito-Lay will create a more comprehensive explanation and written authorization explaining how commissions are calculated.

    b. Frito-Lay will implement an advance commission system whereby commissions are advanced, but not earned, in the week they are calculated. The amount of the advance will be equal to the commissions on the sales for that week. When product is exchanged as unsaleable, the previously advanced commission will be deducted from the advance and the RSR will receive a commission advance on the new sale. When product is rolled, the previously advanced commission will be deducted from the advance and the RSR will receive a commission advance if the product is placed in a new store. Frito-Lay will create a comprehensive explanation and written

authorization explaining the advance commission system.

c. Frito-Lay will pay RSRs a salary in addition to a bonus. Factors dictating whether an RSR will be eligible for a bonus may include: (1) the RSR's sales performance, as compared to the sales plan for that RSR's route; (2) the amount of unsaleables on an RSR's route, as compared to the unsaleables plan for that RSR's route; and/or (3) the RSR's compliance with the service plan for his/her route. The bonus shall be comprised of certain pre-determined, fixed amounts based on percentage performance against some or all of these factors, and/or additional factors. The bonus may be paid monthly or on a different schedule. Frito-Lay will create a comprehensive explanation and written authorization explaining how the bonus system is structured.

6. For purposes of this Judgment, the term "Class" means all persons who are or were employed as a Route Sales Representative ("RSR") and/or similar position by Frito-Lay, Inc. or Rolling Frito-Lay Sales, LP (collectively "Frito-Lay") in the state of California who received a commission as part of their compensation from October 27, 2007 to April 10, 2012. The term "Subclass" means all Class Members whose employment with Frito-Lay, Inc. or Rolling Frito-Lay Sales, LP was terminated at any time from October 27, 2007 to April 10, 2012.

7. As of the Effective Date, each and every Released Claim of each and every Class Member is and shall be deemed to be conclusively released as against the Released Parties. All Class Members as of the Effective Date are hereby forever barred and enjoined from prosecuting the Released Claims against the Released Parties. In addition, as of the Effective Date, each and every Released Federal Claim of each and every Settlement Class Member is and shall be deemed to be conclusively released as against the Released Parties. All Settlement Class Members as of the Effective Date are hereby forever barred and enjoined from

3

prosecuting Released Federal Claims against the Released Parties.

8. The Stipulation and Settlement are not an admission by Frito-Lay or any of the other Released Parties, nor is this Judgment a finding, of the validity of any claims in the Action or of any wrongdoing by Frito-Lay or any of the other Released Parties. Neither this Judgment, the Stipulation, nor any document referred to herein, nor any action taken to carry out the Stipulation is, may be construed as, or may be used as an admission by or against Frito-Lay or any of the other Released Parties of any fault, wrongdoing or liability whatsoever. The entering into or carrying out of the Stipulation, and any negotiations or proceedings related thereto, shall not in any event be construed as, or deemed to be evidence of, an admission or concession with regard to the denials or defenses by Frito-Lay or any of the other Released Parties and shall not be offered in evidence in any action or proceeding against Frito-Lay or any of the Released Parties in any court, administrative agency or other tribunal for any purpose whatsoever other than to enforce the provisions of this Judgment, the Stipulation, or any related agreement or release. Notwithstanding these restrictions, any of the Released Parties may file in the Action or in any other proceeding the Judgment, Stipulation, or any other papers and records on file in the Action as evidence of the Settlement to support a defense of res judicata, collateral estoppel, release, or other theory of claim or issue preclusion or similar defense as to the Released Claims.

9. The Court hereby dismisses the Action on the merits and with prejudice against the Named Plaintiff and all Class Members in favor of Frito-Lay and without costs or attorneys' fees to any of the Parties as against any other settling party, except as provided for in the Stipulation. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over the interpretation, implementation and enforcement of the Settlement and all orders and judgments entered in connection therewith.

10. The Court hereby awards Class Counsel attorneys' fees ("Fees

4

Award") in the amount of $660,000.00 and costs ("Costs Award") in the amount of $22,226.21.  Class Counsel shall not be entitled to any other award of attorneys' fees or costs in any way connected with this Action.  The Court also hereby approves an Incentive Award to the Named Plaintiff in the amount of $15,000.00.  The Court also approves the payment of claims administration expenses in the amount of $40,000.00.  Any separate appeal from the portion of this Judgment as to the Fees Award shall not operate to terminate or cancel the Stipulation or otherwise affect the finality of this Judgment.

11. The Court approves the settlement of claims under the California Labor Code Private Attorneys General Act ("PAGA"), California Labor Code § 2698, et seq., and approves the payment of $10,000 to the California Labor & Workforce Development Agency ("LWDA") as the LWDA's share of the Settlement attributable to civil penalties under the PAGA.

12. After administration of the Settlement has been completed in accordance with the Stipulation and all amounts calculated, and in no event later than 180 days after the Effective Date, Frito-Lay shall file a report with this Court setting forth the total of the Gross Settlement Amounts for the Settlement Class Members and certifying compliance with the terms of the Settlement.

13. The Court finds that the Stipulation is in good faith and constitutes a fair, reasonable and adequate compromise of the Released Claims and Released Federal Claims against Frito-Lay.

//
//
//
//
//

5

**CASE NO. SA CV10-112-DOC (MGLx)**

1  13. If the Settlement does not become final and effective in accordance with the terms of the Stipulation, resulting in the return and/or retention of the Settlement Fund to Frito-Lay consistent with the terms of the Settlement, then this Judgment and all orders entered in connection herewith shall be rendered null and void and shall be vacated.

IT IS SO ORDERED.

DATED: October 29, 2012

*David O. Carter*
_____
The Honorable David O. Carter
United States District Court Judge

Submitted by:

MESERVY LAW, P.C.
THE LAW OFFICE OF DAVID P. STRAUSS
SCHOR & FREELAND LLP


By: /s/ *London D. Meservy*          Dated:  August 6, 2012
LONDON D. MESERVY

Attorneys for Plaintiff
Edward De Stefan and for
Class Members and SubClass Members